**Richard BRITTON, Plaintiff–Appellee,**

v.

**SWIFT TRANSPORTATION COMPANY, INCORPORATED, Defendant–Appellant.**

**No. 96–4216.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 15, 1997.

Decided Oct. 14, 1997.

Michael Barry Marker (argued), Carr, Korein, Tillery, Kunin, Montroy & Glass, East St. Louis, IL, Stephen M. Tillery, Carr Korein, Belleville, IL, Christine J. Moody, Carr Korein, St. Louis, MO, for Plaintiff–Appellee.

Timothy S. Richards (argued), Ellen M. Edmonds, Neville, Richards, Defranco & Wuller, Belleville, IL, for Defendant–Appellant.

Before POSNER, Chief Judge, and CUMMINGS and ROVNER, Circuit Judges.

CUMMINGS, Circuit Judge.

On October 8, 1993, Plaintiff–Appellee Richard Britton, an Illinois state trooper, was injured in an automobile accident involving a truck owned by Defendant-Appellant Swift Transportation Company and driven by one of its employees. He sued in the United States District Court for the Southern District of Illinois, and (after considerable discovery) trial was scheduled for August 5, 1996.

In April 1996, Britton, who had returned to his regular duties as a trooper in June 1994, suffered a setback. The pain from his injuries worsened, and his treating physician, Dr. David Schreiber, restricted him to light duty. Supplemental deposition testimony by Britton, Dr. Schreiber, and Britton's Lieutenant suggested that Britton would be permanently unable to return to full duty, and established that the State Police would not let him remain indefinitely on light duty. On July 23, 1996, the parties concluded a settlement agreement under which Swift agreed to pay Britton $450,000, prompting the district court to dismiss the case pending a sixty-day period during which the parties could seek relief from the court if the settlement were not carried out. That period expired, and the court entered final judgment on October 3, 1996.

Two weeks later, on October 17, Swift moved to have the judgment vacated and the settlement agreement rescinded. Swift also moved, in the alternative, to be allowed to reopen discovery concerning Britton's physical condition and the circumstances surrounding his return to full duty. Swift based its motions on the fact that Britton had, on July 24 (the day following the district court's dismissal of the case pursuant to the settlement agreement), received clearance from

Dr. Schreiber to return to full duty status with the Illinois State Police, and had soon thereafter returned to that status (albeit in a position that consisted of only fifty percent patrol duty, with the remainder devoted to liaison work with local police departments). Because it had allegedly agreed to settle based on the representations of Britton, Dr. Schreiber, and Britton's Lieutenant that Britton's injuries from the accident rendered him physically unable to perform the functions of full duty employment as a state trooper, Swift claimed that the settlement must be rescinded (or, at a minimum, discovery reopened) upon grounds of mutual mistake, fraud, or misrepresentation.

The district court held a hearing on the motion to rescind and the alternative motion for discovery on November 14, 1996, and denied them in an Order dated November 19. The court summarily declared that "there is no evidence in the record to support fraud or material misrepresentation by Britton or his counsel." It then went on to determine that no mutual mistake existed prior to the settlement regarding Britton's physical condition. The court noted that the parties had vigorously contested the question of Britton's ability to perform his duties as a state trooper throughout the litigation. Based on this fact, the court concluded that the parties did not uniformly believe Britton to be permanently unable to return to full duty, and thus that no mutual mistake existed. In rather summary fashion, the district court also decided that there was nothing "clandestine or unseemly about Britton's 'Return to Work.'" Despite the fact that the very doctor who had earlier restricted Britton to light duty released him to resume full duty on the day after the settlement was announced, the court found the release and its timing unremarkable.

Swift appeals the district court's denial of its motion to vacate the judgment and rescind the settlement, as well as the court's denial of its motion for further discovery as to the circumstances surrounding Britton's return to full duty.

As a preliminary matter, the parties disagree as to the appropriate standard of review to be applied in reviewing the district court's denial of Swift's motion to vacate the judgment based on the settlement agreement. Swift, attempting to characterize its motion as one cognizable under either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, directs our attention to authority it believes supports a *de novo* standard of review for motions under Rule 59. Britton argues that Swift's motion is cognizable only under Rule 60(b), and not under Rule 59(e), and in any event that the denial of a motion under either Rule is reviewable only for abuse of discretion.

■ This Court has held that the key factor in determining whether a "substantive" motion is cognizable under Rule 59 or Rule 60 is its timing. *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir.1992) ("[S]ubstantive motions to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b)."); *Mendenhall v. Goldsmith*, 59 F.3d 685, 689 (7th Cir.1995) ("Our rule is that any post-judgment substantive motion that is made within ten days of the judgment is deemed a Rule 59(e) motion."), certiorari denied, —— U.S. ——, 116 S.Ct. 568, 133 L.Ed.2d 492. By substantive motions, the Court means those "that if granted would result in a substantive alteration in the judgment rather than just in a correction of a clerical error or in a purely procedural order such as one granting an extension of time within which to file something." *United States v. Gargano*, 826 F.2d 610, 611 (7th Cir.1987). Swift's motion, which sought to vacate the entire judgment, is obviously substantive according to this definition. Because Swift's substantive motion was filed within ten days of the district court's entry of final judgment, this Court considers it to be a motion under Rule 59.

■ The fact that the motion is, as Swift contends, cognizable under Rule 59, however, does not mean that Swift is correct in asserting that it is subject to *de novo* review. This Court will reverse the denial of a Rule 59(e) motion to alter or amend a judgment only if it constitutes an abuse of discretion. *In re Prince*, 85 F.3d 314, 324 (7th Cir.1996), certiorari denied, —— U.S. ——, 117 S.Ct. 608, 136 L.Ed.2d 534. Swift's argument that the

standard of review ought to be less deferential when the judgment attacked results from a settlement rather than a trial is unsupported by precedent and unconvincing.

■ In any event, the district court's denial of the motion to vacate the judgment was proper under any standard of review. As discussed below, the revelation of Britton's return to full duty status raises an inference of fraud strong enough to necessitate the taking of additional evidence. By itself, however, it does not conclusively establish that the judgment was based on fraud, nor does its character as newly discovered evidence undermine the settlement judgment sufficiently to require the vacatur of that judgment.

Britton claims in his brief that his return to work immediately following the court's announcement of the settlement does not reflect any change in his physical condition. Rather, he submits that he merely decided to return to full duty status against the advice of his physician and at the risk of doing himself further injury. He points to the fact that before returning him to full duty status, Dr. Schreiber required Britton to sign a release of liability for any further injury he might suffer as a result of his return to work. He also points to portions of his (pre-settlement) deposition testimony that might be read to suggest that he stayed on light duty at that time in order to avoid pain and minimize the risk of additional injury, rather than because full duty was a physical impossibility. After the settlement, Britton argues, he was faced with the fact that light duty would only be available to him for a matter of months. As a result, he claims, he made the difficult and risk-laden decision to return to full duty.

Arrayed against this account of what occurred are various statements that Britton and his physician made in depositions in the case, as well as the undeniably suspicious timing of Britton's return to work. Dr. Schreiber, for instance, testified before the settlement that he had cleared Britton only for duties that would not require him to lift more than twenty pounds, run, squat, stoop, climb, or engage in other vigorous physical activity. Further, in Dr. Schreiber's view at the time (that is, before the settlement), Britton's limitations were "permanent."

Britton himself, in a deposition taken shortly before the settlement, testified that he could not drive a car for more than twenty minutes before his pain became intolerable. He also gave testimony strongly suggesting that he was physically incapable of performing other duties that would be required of him as a full duty state trooper. Britton now argues that all he ever stated in that deposition was that certain physical activities caused him pain and might risk further injury, not that he was actually incapable of doing those activities. But this interpretation is contrary to the most obvious meaning of several passages from Britton's testimony. The most natural inference that arises from a comparison of Britton's pre-settlement statements with his argument before this Court is that he obtained the settlement from Swift by claiming that he was physically incapable of returning to full duty as a state trooper, then promptly did just that.

This inference is not conclusive. For that reason, this Court will not grant Swift's Rule 59(e) motion to vacate the judgment. The inference, however, is more than sufficient to require that this Court remand the case to the district court with instructions to allow limited discovery into the circumstances surrounding Britton's release and return to full duty, as well as any changes in his physical condition since April of 1996.

REVERSED IN PART AND REMANDED