132 F.3d 36
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Eugene C. PHILLIPS and Clarence Haynes, Plaintiffs-Appellants,
v.
CITY of Harvey, et al., Defendants-Appellees.
 No. 97-3048.
 United States Court of Appeals, Seventh Circuit.
 Submitted November 21, 1997.*
Decided Dec. 1, 1997.
Rehearing Denied Jan. 9, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 97 C 1385; Suzanne Conlon, Judge.
 Before FLAUM, RIPPLE, and WOOD, Circuit Judges.
 
 ORDER
 
 1
 The present action is the second action that Eugene Phillips and Clarence Haynes ("Plaintiffs") have brought seeking damages against the defendants for claims arising out of their arrest for criminal trespass to property and the seizure of cars on the property. The district court dismissed with prejudice Plaintiffs' second action on res judicata grounds, and Plaintiffs filed a motion for relief from judgment, seeking to vacate the dismissal or, in the alternative, for an order permitting the second complaint to stand as an amended complaint in their previous action. The district court denied Plaintiffs' request to vacate the dismissal of the second action and held that Plaintiffs' request to amend the complaint in the first action was untimely and without merit. Plaintiffs appeal from the district court order denying their motion for relief from judgment.
 
 
 2
 Both of Plaintiffs' actions are based on the same facts and allege the same claims. Plaintiffs allege that their arrest for criminal trespass to property and the seizure of cars on the property was improper because the property was abandoned and the defendants had told them that they could move their car repair business onto the property. In the prior action, the district court ordered Plaintiffs to amend their complaint within a certain period, but they failed to amend the complaint and the action was dismissed. Plaintiffs immediately appealed the dismissal. This court dismissed the appeal as to all appellants except Haynes, because they failed to file a proper notice of appeal. Haynes voluntarily dismissed his appeal. Plaintiffs subsequently brought the present suit, which the district court dismissed on res judicata grounds on June 12, 1997.
 
 
 3
 On June 25, 1997, Plaintiffs brought a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). The district court considered Plaintiffs' motion as two separate motions: a motion to vacate the June 9, 1997 decision granting the defendants' motion to dismiss on res judicata grounds; and a motion to amend the first complaint, which was dismissed in October of 1996.
 
 
 4
 Plaintiffs' motion to vacate the June 9, 1997 dismissal of their second action properly is considered a motion pursuant to Federal Rule of Civil Procedure 59(e). This court has held that "the key factor in determining whether a 'substantive' motion is cognizable under Rule 59 or Rule 60 is its timing." Britton v. Swift Trans. Co., Inc., 1997 WL 631324, * 2 (7th Cir. Oct. 14, 1997). A motion is cognizable under Rule 59 if it is brought within ten days of the order from which relief is sought. Id. As computed under Federal Rule of Civil Procedure 6(a), which excludes Saturdays and Sundays from the computation of time when the period of time allowed is less than eleven days, Plaintiffs' motion was filed nine days from the entry of judgment and should be treated as a Rule 59(e) motion. Id.
 
 
 5
 The district court did not abuse its discretion in denying Plaintiffs' motion to vacate the June 9, 1997 dismissal of their second action on res judicata grounds. Id. Plaintiffs failed to produce new evidence or new arguments why the application of res judicata to their second action was improper. Instead, Plaintiffs' motion only argued that the district court erred in not considering their attempts in the first action to seek guidance on how to amend the complaint and in not permitting their second complaint to stand as an amended complaint in the first action.
 
 
 6
 Although the defendants contend that this court does not have jurisdiction to review the underlying dismissal order, as discussed above, Plaintiffs' motion properly is considered a Rule 59(e) motion. An appeal from the denial of a Rule 59(e) motion is sufficient to bring the underlying judgment before the appellate court. Kunik v. Racine County, Wisconsin, 106 F.3d 168, 173 (7th Cir.1997) (citing Foman v. Davis, 371 U.S. 178, 181 (1962)).
 
 
 7
 The district court dismissed Plaintiffs' complaint on res judicata grounds. The application of res judicata requires that the following three elements be met: (1) judgment on the merits in an earlier action; (2) identity of the parties or parties in privity in the two suits; and (3) identity of the cause of action in both suits. Brzostowski v. Laidlaw Waste Sys., Inc., 49 F.3d 337, 338 (7th Cir.1995). All three elements of res judicata were met. In the prior action, Plaintiffs failed to amend their complaint as ordered by the court. Federal Rule of Civil Procedure 41(b) provides that a dismissal for failure to prosecute or to comply with a court order operates as an adjudication on the merits. LeBeau v. Taco Bell, Inc., 892 F.2d 605, 607 (7th Cir.1989). Although Plaintiffs' prior complaint named only the city of Harvey as a defendant and the present complaint also named three individuals, the prior complaint alleged wrongs committed by the individuals as agents of the city and sought relief for the actions of these individuals. Finally, the complaints alleged the same claims arising out of the same facts. Kratville v. Runyon, 90 F.3d 195, 198 (7th Cir.1996). Because all three elements of res judicata were met, the district court's dismissal of Plaintiffs' second action on res judicata grounds was proper, and the district court did not abuse its discretion in refusing to vacate this decision.
 
 
 8
 With respect to Plaintiffs' request to permit the complaint in the second action stand as an amended complaint in the first action, the district court treated this request as a Rule 60(b) motion to amend the complaint in the first action. The district court did not abuse its discretion in denying this request as untimely and without merit. Plaintiffs' request was made over eight months after the first action was dismissed, and they failed to provide a good reason why they should be allowed to amend the complaint in the first action after final judgment was entered. American Nat'l Bank & Trust Co. of Chicago v. Regional Transp. Auth., 125 F.3d 420, 429 (7th Cir.1997); Harris v. City of Auburn, 27 F.3d 1284, 1287 (7th Cir.1994). Plaintiffs had the opportunity to amend their complaint in the first action and failed to do so or offer any reason for this failure.
 
 
 9
 For the foregoing reasons, we AFFIRM the dismissal of Plaintiffs' complaint and the denial of Plaintiffs' motion for relief from judgment.
 
 
 
 *
 After an examination of the briefs and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)