134 F.3d 375
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carol J. WEATHERSPOON, Plaintiff-Appellant,
v.
Alexis M. HERMAN,[1] Secretary of Labor,
Defendant-Appellee.
 No. 96-1711.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 17, 1997.*
Decided Jan. 6, 1998.
Rehearing Denied Feb. 5, 1998.
 
 1
 Before FLAUM, RIPPLE and WOOD, JJ.
 
 
 2
 order
 
 
 3
 Carol Weatherspoon, an African-American female, appeals the district court's judgment for the Secretary of the Department of Labor ("Department") or Weatherspoon's claims of race and gender discrimination and retaliation. We affirm.
 
 
 4
 At the time of the events giving rise to this suit, Weatherspoon was employed by the Department's Regional Office of Labor Management Standards ("OLMS") as a GS-12 Investigator, the highest investigator position attainable. As an OLMS investigator, Weatherspoon was responsible for auditing and monitoring trade union organizations to ensure their compliance with financial, management, and officer election requirements, as prescribed by federal law.
 
 
 5
 OLMS investigators receive annual performance evaluations and are rated as follows: (1) outstanding, (2) highly effective, (3) fully successful, (4) minimally satisfactory, or (5) unacceptable. From July 1988 through March 1990, Weatherspoon was rated as "highly effective" by her supervisor, Craig Johns. From 1990 to 1991, however, Weatherspoon's performance rating fell. In June 1991, John Peterson, the Director of the Chicago District Office of OLMS, evaluated Weatherspoon's performance as "fully successful," a step down from her "highly effective" rating in past years. From this point forward, Weatherspoon's performance was never again rated higher than "fully successful."
 
 
 6
 After filing a grievance with the union and three formal complaints with the Equal Employment Opportunity Commission ("EEOC"), Weatherspoon filed this suit. Her case proceeded without a jury before the district court. At the close of her case-in-chief, the district court granted the Department's oral motion for a directed verdict with respect to Weatherspoon's race and gender discrimination claims. At the conclusion of the bench trial, the district court ruled in favor of the Department with respect to Weatherspoon's retaliation claim. Weatherspoon filed a motion for reconsideration and a motion for relief from judgment, both of which were denied by the district court. This appeal followed.
 
 
 7
 There is one jurisdictional matter we must address before proceeding to the merits of Weatherspoon's appeal. In her notice of appeal, Weatherspoon identified the denial of her motions for reconsideration and relief from judgment as the bases of her appeal. In her appellate brief, however, she challenges the district court's original judgment.
 
 
 8
 A motion for reconsideration filed within ten days of the district court's judgment is considered a motion under Rule 59(e) of the Federal Rules of Civil Procedure. See Britton v. Swift Transp. Co., Inc., 127 F.3d 616, 6 (7th Cir.1997) (citing Mendenhall v. Goldsmith, 59 F.3d 685, 689 (7th Cir.1995)). An appeal from the denial of a Rule 59(e) motion can reach the underlying judgment because the filing of such a motion renders the original judgment nonfinal, and the judgment on the motion becomes the final judgment. See In re Grabill Corp., 983 F.2d 773, 775-76 (7th Cir.1993); Petru v. City of Berwyn, 872 F.2d 1359, 1361-62 (7th Cir.1989). We may permit the review of an underlying judgment in certain cases where the appeal is erroneously taken from an order denying a motion under Rule 59(e) rather than from the underlying judgment. See Petru, 872 F.2d at 1361. However, we emphasize that appealing the denial of a Rule 59(e) motion is not the proper procedure for challenging the underlying judgment. However where, as here, there is no prejudice to the opposing party we shall treat the error as harmless and review the merits of the underlying judgment. See Foman v. Davis, 371 U.S. 178, 181 (1962); Petru, 872 F.2d at 1361.
 
 
 9
 By appealing the denial of her motion to reconsider, Weatherspoon has raised all nonmoot orders in the case, "including the original judgment to the extent that it hadn't been superseded by the order denying reconsideration." Grabill, 983 F.2d at 776. Because Weatherspoon has not made any arguments with respect to the denial of her motions for reconsideration and relief from judgment, we confine our review to the original judgment rendered by the district court.
 
 
 10
 The district court's judgment consists of the directed verdict with respect to Weatherspoon's race and gender discrimination claims, and its finding after hearing all the evidence that Weatherspoon had not proved retaliation. In reviewing a district court's award of a directed verdict, this court applies the same standard as the district court: considering the evidence in the light most favorable to Weatherspoon, whether there is any evidence upon which a reasonable jury could reach a verdict for the party on whom the burden of proof is imposed (Weatherspoon). See Tincher v. Wal-Mart Stores, Inc., 118 F.3d 1125, 1129 (7th Cir.1997); Willis v. Marion County Auditor's Office, 118 F.3d 542, 545 (7th Cir.1997). Thus, the inquiry on appeal is whether any reasonable jury could find in Weatherspoon's favor based on the evidence presented during her case-in-chief.
 
 
 11
 As there is no direct evidence of discrimination in this case, Weatherspoon may establish discrimination through the burden-shifting framework established by McDonnell Douglas v. Green, 411 U.S. 792 (1973). To establish a prima facie case of disparate treatment on the basis of race or sex, the plaintiff must show that (1) she is a member of a protected group (African American or female); (2) that she was performing up to the legitimate expectations of her employer; (3) that she suffered adverse action; and (4) that "there is some evidence from which one can infer that the employer took adverse action against the plaintiff on the basis of a statutorily proscribed criterion." Leffel v. Valley Fin. Serv., 113 F.3d 787, 793 (7th Cir.), cert. denied, 118 S.Ct. 416 (1997).
 
 
 12
 At trial, Weatherspoon presented no evidence linking the adverse actions to her race or gender. Weatherspoon testified about an array of adverse employment actions, such as negative performance appraisals, leave without pay, suspension, denial of placement in the flexible work schedule program, and delay of her case investigations. However, conspicuously absent from Weatherspoon's testimony and the testimony of the witnesses called during her case-in-chief is any evidence linking these adverse actions to retaliation or race or gender discrimination. In the absence of such evidence, no reasonable jury could have rendered a verdict in favor of Weatherspoon. Therefore, the district court did not err in directing this verdict.
 
 
 13
 We review the district court's finding of no retaliation for clear error because a finding of intentional discrimination, or the lack thereof, is a finding of fact. See Pignato v. American Trans Air, Inc., 14 F.3d 342, 346 (7th Cir.1994). "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Dunning v. Simmons Airlines, Inc., 62 F.3d 863, 868 (7th Cir.1995) (citations omitted); Fed.R.Civ.P. 52(a). " 'Where there are two permissible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous.' " Id. (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985)).
 
 
 14
 Weatherspoon's argument regarding retaliation is nothing more than a challenge to the district court's credibility assessments. The law is well established that a district court's credibility determinaions are not a basis for appeal. See Anderson, 470 U.S. at 575 ("[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, ... that finding, if not internally inconsistent, can virtually never be clear error."); Salus v. GTE Directories Serv. Corp., 104 F.3d 131, 136 (7th Cir.1997) ("This court will not reweigh the credibility of trial witnesses."). As Weatherspoon raises no other arguments with respect to the district court's finding regarding retaliation, she has failed to demonstrate clear error.
 
 
 15
 Weatherspoon also alleges ineffective assistance of counsel. However, in the civil context, " 'if the attorney's conduct was substantially below what is reasonable under the circumstances, the client's remedy is a suit for malpractice.' " Deppe v. Tripp, 863 F.2d 1356, 1360-61 (7th Cir.1988) (citations omitted).
 
 
 16
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 The current Secretary of Labor, Alexis M. Herman, is substituted for Robert Reich as the named defendant. Fed. R.App. P. 43(c)
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a) Cir. R. 34(f)