151 F.3d 1034
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United States of America, Plaintiff-Appellee,
v.
George B. DEMES, Defendant-Appellant.
 No. 97-3313.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 23, 1998*.
Decided May 21, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 95 C 4947 Harry D. Leinenweber, Judge.
 Before Hon. THOMAS E. FAIRCHILD, Hon. FRANK H. EASTERBROOK, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 George Demes appeals the denial of his Rule 60(b) motion. The United States, on behalf of the Federal Deposit Insurance Corporation (FDIC), filed a complaint against Demes to collect a civil penalty of $133,500 plus interest. The district court granted summary judgment for the United States. Two months later, Demes filed a motion for reconsideration. The district court, reviewing the motion under Rule 60(b), denied it. Demes appeals, and we affirm.
 
 
 2
 The FDIC found Demes, an officer and director of two financial institutions, in violation of various banking laws. After agreeing to a settlement with the FDIC, Demes failed to pay by the agreed upon date of September 8, 1990. On August 28, 1995, the United States, on behalf of the FDIC, filed a complaint against Demes to collect the agreed upon civil penalty of $133,500 plus interest. On January 10, 1997, the district court granted summary judgment in favor of the United States. On March 11, 1997, Demes filed a motion for reconsideration, claiming that summary judgment was improperly granted. Since Demes's motion was filed after the ten days mandated in Rule 59(e), the district court reviewed Demes's motion under Rule 60(b), and denied it.
 
 
 3
 The district court properly reviewed Demes's motion under Rule 60(b) because Demes did not filed the motion for reconsideration within ten days of the judgment. Britton v. Swift Transp. Co., Inc ., 127 F.3d 616, 618 (7th Cir.1997) (citing United States v. Deutsch, 981 F.2d 299, 301 (7th Cir.1992)). Consequently, our review is limited to determining whether the district court abused its discretion in denying the Rule 60(b) motion. Provident Sav. Bank v. Popovich, 71 F.3d 696, 698 (7th Cir.1995) (citing Lee v.. Village of River Forest, 936 F.2d 976, 979 (7th Cir.1991)).
 
 
 4
 On appeal, Demes fails to address the requirements of Rule 60(b) and, instead, attacks the underlying decision of the district court to grant summary judgment. This court is unaware of, and Demes fails to point to, any "exceptional circumstances" which would warrant relief under Rule 60(b). United States v. 8136 S. Dobson St., 125 F.3d 1076, 1082 (7th Cir.1997), petition for cert. filed, February 20, 1998 (No. 97-8567). Therefore, the district court did not abuse its discretion in denying Demes's Rule 60(b) motion.
 
 
 5
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)