Richard BRITTON, Plaintiff–Appellee,

v.

SWIFT TRANSPORTATION COMPA-
NY, INC., Defendant–Appellant.

No. 98–2492.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 4, 1999.

Decided Aug. 13, 1999.

Stephen M. Tillery (argued), Carr, Ko-
rein, Tilery, Kunin, Montroy, Cates &
Glass, Belleville, IL, for Plaintiff–Appellee.

Timothy S. Richards (argued), Ellen M.
Edmonds, Neville, Richards, DeFranco &
Wuller, Belleville, IL, for Defendant–Ap-
pellant.

Before FLAUM, ROVNER, and
DIANE P. WOOD, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit
Judge.

Swift Transportation Company ("Swift")
brings this appeal, arguing that the district
court abused its discretion in refusing to
vacate its settlement with Richard Britton.
This court addressed the same issue in a
previous appeal involving the same case,
and the facts are set forth fully in that
opinion. *Britton v. Swift Transportation
Co.*, 127 F.3d 616 (7th Cir.1997). There-
fore, we will provide only the facts essen-
tial in deciding this appeal.

Britton, an Illinois state trooper, re-
ceived a back injury in a car accident
involving a truck owned by Swift, and
Swift settled the resulting personal injury
case by paying Britton $450,000. Swift
claims that the settlement was obtained by
fraud in that Britton misrepresented his
physical condition in order to obtain the

settlement. Prior to the settlement, Britton was restricted to light duty at his work, but the day after the settlement, he received physician approval to return to full duty. Swift subsequently sought to vacate the settlement, arguing that Britton misrepresented the severity of his injury. The district court refused to vacate the judgment and we upheld that decision on appeal. We noted in our prior opinion that the standard of review was abuse of discretion, but held that the denial of the motion was proper under any standard of review. *Id.* at 618–19. We remanded the case, however, because we agreed with Swift that the timing of the return to full duties, and some statements by Britton regarding his abilities, warranted at least an opportunity for discovery regarding the issue of fraud. *Id.* at 619.

Swift pursued its discovery on remand, and the district court again rejected its request for vacatur of the settlement. The district court held that there was "no evidence whatsoever that Britton was waiting for the settlement to be finalized so that he could resume activities he was pretending to be incapable of performing." Swift now appeals that determination a second time. The issue, therefore, is the relatively narrow one of whether the discovery has yielded evidence significant enough to require vacatur where the prior evidence did not. Arguments which focus solely on the facts presented in the last appeal are futile in this context, because we have already determined that the prior record did not require vacatur under any standard of review.

Swift focuses on only a few statements from discovery to shed light on Britton's intentions during the settlement process. It points to a description of physical limitations which Britton provided to Dr. Naddaf, which indicated he was unable to perform his normal duties due to excruciating pain since April 1995. In addition, Swift asserts that it found evidence that the timing of his return to work was not coincidental. Specifically, Swift points to evidence that Britton told an investigating officer with the Illinois state police that he always felt capable of returning to work and that it was always his intention to do so. He also apparently stated that he wanted to settle the case because, if it went to trial and revealed full disability, the state would not have allowed him to work. Swift additionally presents evidence from Dr. Schweiber that when Britton sought a release to work without limitation on July 25, 1996, the day after the settlement, he told the doctor that the reason for his request was a recent promotion to a position with little patrol duty and risk. Swift believes the referenced promotion was one that Britton received in April 1996, and notes that in a June 1996 deposition he maintained his inability to return to the full duties of even that position. Finally, Swift questions Britton's post-remand explanation for the timing of his return to full-duty work, which was that a Sergeant position became available and he could not be considered for it while on light duty. Swift counters that explanation with deposition testimony by Sergeant Oliverio that the position was vacated on May 7, a date prior to Britton's June deposition.

█ The district court considered all of that evidence, but held that it did not demonstrate fraud. On review of this Rule 59 motion, we will reverse only if that decision constituted an abuse of discretion. *Lauer v. Apfel,* 169 F.3d 489, 492 (7th Cir.1999); *Britton,* 127 F.3d at 618–19. That difficult showing has not been met here. The evidence at best demonstrates that Britton may have misled someone, but it equally points to him misleading his doctor and possibly his employer. It is undisputed that any limitations on Britton's ability to perform work duties is attributable to the back pain he experiences. In his deposition, Britton acknowledges that when he says he cannot do an activity, he means that it causes him pain to do so. Although Swift argues that Britton exaggerated his pain to Swift, the record could

also be interpreted to indicate he understated his pain to his doctor and employer in order to obtain clearance to continue working. In fact, as a condition of releasing Britton to full-duty status, Dr. Schreiber made him sign a release acknowledging that his condition put him at risk for more damage should significant trauma be sustained by him. That release supports an interpretation that Britton's return to work was against the doctor's better judgment because of the seriousness of his physical problems. Moreover, Britton's statements to the doctor that he was promoted to a position with little patrol duty and risk is also consistent with an attempt to convince the doctor to approve his return to work despite the danger to his back condition. The district court viewed the evidence in that manner, finding that Britton was determined to work despite the pain, and that he was still experiencing pain once he returned to work. That interpretation is further supported by statements in the record by Commander Lovell and Master Sergeant Hinkle of the Illinois State Police, who testified that Britton minimized his injuries so that he could return to work, and that he experienced pain and physical problems when working.

Similarly, Britton's statements about his desire to settle the case so he could return to work are consistent with the district court's findings. His concern seemed to be that if the case went to trial and his disability was established by testimony, he would not be allowed to work even if willing to do so because his employer would consider him disabled. That is consistent with the view of a person minimizing his injuries to his employer so that he could continue working.

Swift never asked Britton if he would ever return to work as a state trooper, so we do not have a situation in which we can point to an outright lie. Instead, we are faced with innuendo, which could point to misrepresentations to Swift, but could also instead be interpreted as attempts to minimize his condition to retain his job. The

district court chose to believe the latter interpretation, and accordingly held that there was no evidence of fraud. We find no abuse of discretion in that decision.

Accordingly, the decision of the district court is

AFFIRMED.