Robin ZAHRAN and Karen Zahran,
Plaintiffs–Appellants,

v.

CLEARY BUILDING CORPORATION
and Ralph Uecker and Sons, Incorporated, Defendants–Appellees.

No. 99–1618.

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 9, 2001[1].

Decided Jan. 23, 2001.

---

1. This appeal is successive to nos. 97–3813 and 98–2122, and is being decided under Operating Procedure 6(b) by the same panel. After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* Fed. R.App. P. 34(a)(2).

**498**

Before FLAUM, Chief Judge, BAUER, KANNE, Circuit Judges.

### ORDER

This is the final remaining appeal between these parties, and it concerns the amount of costs the district court awarded to the defendants, Cleary Building Corporation and Ralph Uecker & Sons. Our order in *Zahran v. Cleary Building Corp.*, Nos. 97–3813 & 98–2122, 1999 WL 439402 (7th Cir. June 21, 1999), fully sets forth the background of this dispute, so we will not repeat the details. What matters for purposes of this appeal, though, is that plaintiffs Robin and Karen Zahran lost at trial, which means that Cleary and Uecker are prevailing parties entitled to recover their costs under Federal Rule of Civil Procedure 54(d) unless the district court says otherwise. The district court, after carefully considering the defendants' requests for costs, awarded $2,722.03 to Cleary, and $1,329.99 to Uecker. Although these amounts are significantly less than what each defendant requested, the Zahrans nonetheless appeal.

■ For the most part, the arguments made by the Zahrans, who are representing themselves on appeal, are illogical and unsupported by either the facts or the law. For instance, they claim that Cleary and Uecker each submitted a late bill of costs which the district court should have rejected. Although Eastern District of Wisconsin Local Rule 9.01(a) does require that a bill of costs be filed no later than 15 days after entry of judgment, that time period is tolled upon the filing of a timely motion under Federal Rule of Civil Procedure 59, and does not begin to run again until the district court disposes of the Rule 59 motion. Final judgment in favor of Cleary and Uecker was entered on November 18, 1996; the Zahrans filed a timely Rule 59 motion on December 3, 1996; Uecker submitted its bill of costs on January 3, 1997; Cleary submitted its bill of costs on January 13, 1997; and the district court finally denied the Rule 59 motion on September 30, 1997—all facts the Zahrans do not dispute. This sequence of events undoubtedly demonstrates that the bills of costs were filed early—over 10 months prior to the due date—rather than late. Timeliness, then, is simply not an issue here.

■ Nevertheless, the Zahrans insist that no tolling should have occurred because the district court initially treated their motion as having been filed under Federal Rule of Civil Procedure 60, but then subsequently changed its mind and construed the filing as a Rule 59 motion in order to make the bills of costs timely. This point is not only false (as there is no evidence in the record suggesting that the district court engaged in any shenanigans), but it also misses the mark. Post-judgment motions filed within 10 days of entry of judgment are automatically treated as Rule 59 motions. *See Britton v. Swift*

*Transp. Co.,* 127 F.3d 616, 618 (7th Cir. 1997); Federal Rule of Civil Procedure 59(e). Given that the Zahrans filed their motion within the ten day time frame, *see Zahran,* 1999 WL 439402, at *1, the district court committed no error in considering it a Rule 59 motion.

▉ Yet another meritless argument advanced by the Zahrans is that the affidavit attached to each bill of costs is insufficient because it contains the signature of a paralegal, as opposed to an attorney, and thus violates Federal Rule of Civil Procedure 11. But they completely ignore 28 U.S.C. § 1924, which is entitled "verification of bill of costs" and specifically states that a party seeking costs must submit an affidavit "made by himself or by his duly authorized attorney or agent having knowledge of the facts." The paralegals who submitted affidavits in support of Cleary's and Uecker's bills of costs were employed by the law firms representing each respective defendant and thus fell squarely within the category of "agent." As such, these paralegals were authorized to verify the costs sought.

▉ Turning to the specific costs taxed, the Zahrans not surprisingly challenge each and every one, citing a litany of alleged errors committed by the district court. But district courts considering the issue of costs "have broad discretion in determining whether and to what extent prevailing parties may be awarded costs." *Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 926, 945 (7th Cir.1997). So while we carefully review whether an expense is recoverable, "[a]s long as there is statutory authority for allowing a particular item to be taxed as a cost, we will not overturn a district court's decision that the cost was necessary to the litigation or its determination of what amount is reasonable absent a showing of clear abuse of discretion." *Id. See, e.g., Majeske v. City of*

*Chicago,* 218 F.3d 816, 824 (7th Cir.2000); *Cengr v. Fusibond Piping Sys.,* 135 F.3d 445, 453 (7th Cir.1998); *SK Hand Tool Corp. v. Dresser Indus., Inc.,* 852 F.2d 936, 943 (7th Cir.1988).

▉ Most of the Zahrans' complaints about the various costs taxed are perfunctory and without support from pertinent legal authority, and thus we will not consider these undeveloped claims. *See United States v. Lanzotti,* 205 F.3d 951, 957 (7th Cir.2000) ("A party urging us to reverse a district court's judgment has an obligation to argue why we should reverse that judgment, and to cite appropriate authority to support that argument."). The remaining contentions fail because ample statutory authority exists for allowing Cleary and Uecker to recover those costs. For example, witness fees and mileage expenses are recoverable under Eastern District of Wisconsin Local Rule 9.02(c) and 28 U.S.C. § 1821(b); copies of papers necessarily obtained for use in the case are recoverable under Eastern District of Wisconsin Local Rule 9.02(d) and 28 U.S.C. § 1920(4); overnight lodging expenses for witnesses are recoverable under 28 U.S.C. § 1821(d)(1); and deposition costs are recoverable under Eastern District of Wisconsin Local Rule 9.02(b) and 28 U.S.C. § 1920(2). Nothing the Zahrans point to even remotely suggests that the district court acted unreasonably in determining which costs should be allowed. In fact, the district court sustained several of the Zahrans' objections to the bills of costs, disallowing $4,097.37 in costs sought by Cleary, and $666.36 sought by Uecker. We therefore find no abuse of discretion.

Finally we decline to entertain the Zahrans' baseless request to recover costs for the time they spent responding to Cleary's and Uecker's "frivolous" bills of costs.

The judgment of the district court is AFFIRMED.