**UNITED STATES of America, Plaintiff–Appellee,**

v.

**47 WEST 644 ROUTE 38, MAPLE PARK, ILLINOIS, Defendant,**

**Gregory Accardi and Holly Accardi, Claimants–Appellants.**

No. 97–4145.

United States Court of Appeals, Seventh Circuit.

Argued May 13, 1999.

Decided Aug. 19, 1999.

rehearing and Rehearing En Banc Denied Nov. 5, 1999.

Ernest Y. Ling (argued), Office of U.S. Attorney, Civil Division, Chicago, IL, for Plaintiff–Appellee.

Stephen M. Komie (argued), Komie & Associates, Chicago, IL, for Claimants–Appellants.

Before BAUER, MANION, and KANNE, Circuit Judges.

BAUER, Circuit Judge.

Claimants Gregory and Holly Accardi bring this appeal to challenge the forfeiture of 47 West 644 Route 38, Maple Park, Illinois (hereinafter the "Property"). The Accardis argue that the district court should have dismissed the forfeiture action because the government's seizure of the Property violated the due process principles announced in *United States v. James Daniel Good Real Property*, 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). They also argue that the forfeiture constituted disproportionate punishment in violation of the Eighth Amendment. We affirm.

### I. BACKGROUND

On September 13, 1992, Illinois State Police conducting aerial surveillance observed and photographed marijuana plants growing around the Accardis' barn and house. On September 15, several members of the Illinois State Police Task Force searched the Accardis' property. The search revealed marijuana plants growing next to a broken shed, in a locked barn, and near the property fence. In all, police found 45 growing marijuana plants, and over 500 grams of dried marijuana. Police also found several guns in the house.

On December 3, 1992, the U.S. Attorney's office began forfeiture proceedings pursuant to 21 U.S.C. § 881(a)(7). On December 9, the district court granted the government's *ex parte* motion for a warrant to seize the Property. The following year, the Supreme Court decided *Good*, which held that due process requires that the government provide an adversarial hearing before seizing real property that is subject to forfeiture. On May 6, 1996, the

Accardis filed a motion to dismiss, arguing that the Property had been seized in violation of *Good*. The district court denied the motion, citing this Court's decision in *United States v. All Assets and Equip. of West Side Bldg. Corp.*, 58 F.3d 1181 (7th Cir.1995), for the proposition that dismissal is not the proper remedy for a violation of *Good*. On April 28, 1997, the district court entered a memorandum opinion and order granting summary judgment in favor of the government in the forfeiture proceedings.

On May 9, 1997, the Accardis filed a motion to set a date for an Eighth Amendment proportionality hearing. The district court denied the motion on the grounds that the Accardis had waived the issue by failing to raise it in response to the government's motion for summary judgment. On October 16, 1997, the court issued a final decree of forfeiture. This appeal followed.

### II. DISCUSSION

#### A. Remedy for *Good* Violation

In *Good*, the Supreme Court held that "[u]nless exigent circumstances are present, the Due Process Clause requires the Government to afford notice and a meaningful opportunity to be heard before seizing real property subject to civil forfeiture." *Good*, 510 U.S. at 62, 114 S.Ct. 492. This principle applies to all cases, like this one, that were not final on the date that *Good* was decided. *All Assets*, 58 F.3d at 1191. Nonetheless, the district court denied the Accardis' motion to dismiss, holding that dismissal is not the correct remedy for a *Good* violation. We review *de novo*.

*Good* does not address the appropriate remedy for failure to provide a preseizure hearing. However, in *All Assets*, we held that an "illegal seizure does not, standing alone, require that the property be immune from forfeiture." *All Assets*, 58 F.3d at 1193. Instead, the government is responsible "for the profits of which the

claimant was deprived during the period of illegal seizure." *Id.* We recently reaffirmed this principle in *United States v. 8136 S. Dobson St., Chicago, Illinois,* 125 F.3d 1076, 1079 (7th Cir.1997), and we affirm it again today. The district court's denial of the motion to dismiss was not error.

## B. Proportionality Under the Eighth Amendment

■ The Accardis next argue that the forfeiture of their family farm was a disproportionate punishment in violation of the Excessive Fines Clause of the Eighth Amendment. *See Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993); *United States v. Bajakajian,* 524 U.S. 321, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998). This issue was not reached below because the district court held that the Accardis had waived their proportionality claim by failing to raise it in response to the government's motion for summary judgment. Although the Accardis deny it, their motion for a proportionality hearing constituted a motion for reconsideration under Federal Rule of Civil Procedure 59(e). All "substantive motions served within 10 days of the entry of judgment will be treated as based on Rule 59." *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir.1992) (internal quotation marks and citation omitted). A substantive motion is one "that if granted would result in a substantive alteration in the judgment rather than just in a correction of a clerical error or in a purely procedural order such as one granting an extension of time within which to file something." *Britton v. Swift Transp. Co., Inc.,* 127 F.3d 616, 618 (7th Cir.1997) (internal quotation marks and citation omitted). Under this definition, the Accardis' motion was clearly a substantive one. Furthermore, although the Accardis' motion was technically filed eleven days after summary judgment was entered, the motion falls within the ten day limit because we exclude Saturdays and Sundays when the prescribed time period is less than eleven days.[1] *See* Fed. R.Civ.P. 6(a); *Popovits v. Circuit City Stores, Inc.,* 185 F.3d 726, 729–30 (7th Cir.1999). We review a district court's denial of a Rule 59 motion for abuse of discretion. *See Britton,* 127 F.3d at 619.

■ A party may not introduce evidence or make arguments in a Rule 59 motion that could or should have been presented to the court prior to judgment. *See Popovits,* 185 F.3d at 729–30; *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir.1995). To get around this rule, the Accardis urge us to view the forfeiture process as a "bifurcated" one in which the court must first decide whether a property has been forfeited and then consider whether the forfeiture violates the Eighth Amendment. The Accardis cite no authority for this admittedly "novel" proposition, and we can think of nothing to recommend the procedure.

■ The Accardis next argue that proportionality is a factual matter that is not appropriately considered on summary judgment. However, this argument ignores the purpose of summary judgment, which is to decide cases in which there is no "genuine issue as to any material fact." *See* Fed.R.Civ.P. 56(c). All potential areas of factual dispute must be brought to the attention of the district court so that the court can determine whether summary judgment is appropriate. If the Accardis believed that there was a genuine issue of fact with respect to the proportionality of the forfeiture then they should have argued that summary judgment was inappropriate for that reason. Since the proportionality argument could (and should) have been raised prior to judgment, the district court did not abuse its discretion when it declined to address the argument after it had granted summary judgment.

---

1. If the motion had fallen outside the ten day period, it would have been a motion for reconsideration under Rule 60. *See Deutsch,* 981 F.2d at 301 ("[S]ubstantive motions to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b).").

784

## CONCLUSION

Because damages are the appropriate remedy for a violation of *Good*, and because the Accardis raised their Eighth Amendment proportionality claims too late, we Affirm the district court's judgment in all respects.