GREAT WEST LIFE AND ANNUITY
INSURANCE CO. and Chicago
Roll Company, Plaintiffs,

v.

David MOORE, a minor, and his father
and next friend, Larry Moore; his
mother and next friend, Linda Moore;
and Oak Brook Bank, Defendants.

No. 00 C 1880.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 21, 2001.

Thomas H. Lawrence, John M. Russell,
Hale, Headrick, Dewey, Wolf, Golwen,

Thornton & Chance, Memphis, TN, for Plaintiffs.

Patrick M. Loftus, Law Offices of Patrick M. Loftus, Addison, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

DARRAH, District Judge.

Plaintiffs Great–West Life and Annuity Insurance Co. and Chicago Roll Company ("Plaintiffs") have filed a complaint against Defendants David Moore, Larry Moore, Linda Moore, and Oak Brook Bank ("Defendants") for reimbursement under an employee benefit plan covered by the Employment Retirement Security Act ("ERISA"). Plaintiffs have moved for summary judgment pursuant to FED. R.CIV.P. 56. For the reasons that follow, the Court GRANTS Plaintiffs' Motion for Summary Judgment.

### LEGAL STANDARD

Summary judgment is appropriate when there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc., 40 F.3d 146, 150 (7th Cir.1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses..." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the Court why there is no genuine issue of material fact, the nonmoving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate through specific evidence that there remains a genuine issue of material fact and show that a rational jury could return a verdict in the nonmoving party's favor. Celotex, 477 U.S. at 322–27, 106 S.Ct. 2548; Anderson v. Liber-ty Lobby, Inc., 477 U.S. 242, 254–56, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Waldridge v. American Hoechst Corp., 24 F.3d 918, 923 (7th Cir.1994).

Disputed facts are material when they might affect the outcome of the suit. First Ind. Bank v. Baker, 957 F.2d 506, 507–08 (7th Cir.1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. Anderson, 477 U.S. at 247–48, 106 S.Ct. 2505; Popovits v. Circuit City Stores, Inc., 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. Matsushita, 475 U.S. at 586, 106 S.Ct. 1348. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. Anderson, 477 U.S. at 249–250, 106 S.Ct. 2505.

### BACKGROUND

The undisputed facts taken from the parties' Local Rule 56.1(a) & (b) statements of material facts (referred to herein as "Pl.'s 56.1" and "Def.'s 56.1") and exhibits are as follows.

Defendant David Moore is a minor. He was born on November 12, 1988. Defendant Linda Moore is David's mother. She has had sole legal custody of David throughout the events which form the basis of this lawsuit

On May 8, 1998, David Moore was struck by a motor vehicle while crossing the intersection of County Farm Road and Deforest in Hanover Park, Illinois. David's medical expenses arising from the accident exceed $150,000. On April 5, 1999, David Moore, through his mother, settled his claim against the driver of the motor vehicle for the sum of $100,000. This settlement represented the monetary limit of the driver's insurance coverage; $25,000 of this amount went to pay David's

attorney. This settlement represents David's only legal recovery from the accident.

As Linda Moore's son, David Moore was a covered person in the Health and Welfare Plan for Employees and Dependents of Chicago Roll Company ("the Plan"). The Plan is covered by ERISA., 29 U.S.C. § 1001, *et seq.* In connection with the injuries David suffered from the accident, the Plan paid medical benefits on behalf of David in the amount of $71,464.31. This money was paid prior to January 1, 1999. At the time of this payment, the Plan included a provision entitled, "Provision for Subrogation and Right of Recovery." Defendants have contended that the plan in effect at the time of the payment did not include a subrogation provision. In statement 5 of Plaintiff's "Separate Statement of Undisputed Material Facts," Plaintiff stated that the Plan included the provisions referenced here. Defendant has not denied this statement. The relevant provisions are as follows:

An Other Party may be liable or legally responsible to pay expenses, compensation and/or damages in relation to an illness, a sickness, or a bodily injury incurred by you or one of your covered Dependents (a "covered person")

An Other Party is defined to include, but is not limited to, any of the following:

- the party or parties who caused the illness, sickness or bodily injury;
- the insurer or other indemnifier of the party or parties who caused the illness, sickness, or bodily injury.

\* \* \* \* \* \*

Benefits may also be payable under this Plan in relation to the illness, sickness or bodily injury. When this happens, Great–West may, at its option:

- subrogate, that is, take over the covered person's right to receive payments from the Other party. The covered person or his or her legal representative will transfer to Great–West any rights he or she may have

to take legal action arising from the illness, sickness or bodily injury to recover any sums paid under the Plan on behalf of the covered person.

- recover from the covered person or his or her legal representative any benefits paid under the Plan from any payment the covered person is entitled to receive from the Other Party.

\* \* \* \* \* \*

Great–West will have a first lien upon any recovery, whether by settlement, judgment, mediation or arbitration, that the covered person receives or is entitled to receive from any of the sources listed above. This lien will not exceed:

- the amount of benefits paid by Great–West for the illness, sickness or bodily injury plus the amount of all future benefits which may become payable under the Plan which result from the illness, sickness or bodily injury.

\* \* \* \* \* \*

Great–West's first lien rights will not be reduced due to the covered person's own negligence; or due to the covered person not being made whole; or due to attorney's fees and costs.

Plaintiffs seek reimbursement of the medical expenses paid to Defendants from the proceeds of the settlement with the driver of the car.

### DISCUSSION

Plaintiffs argue that summary judgment should be granted because they are entitled to reimbursement for the monies paid out under the Plan for David Moore's injuries pursuant to the Plan's subrogation provision. Defendants respond by arguing: (1) that "Plaintiff has no right to subrogation by contract or statute," (Def. Res.4–5); (2) that any recovery by Plaintiffs should be reduced under the Common Fund Doctrine; and (3) that Illinois law precludes a party from having a right of subrogation against a child for medical benefits received. The Court considers

Defendants' arguments in the order they were raised.

Great West has a right of subrogation pursuant to the wording of the Plan. Defendants have contended that the plan in effect at the time of the payment did not include a subrogation provision. In statement 5 of Plaintiff's "Separate Statement of Undisputed Material Facts," Plaintiff stated that the Plan included the provisions referenced above. Defendant has not denied this statement. The Plan states, "Great–West will have a first lien upon any recovery, whether by settlement, judgment, mediation or arbitration." Although Defendants cite sections of ERISA governing the proper procedure for plan modification and drafting, they do not argue that provisions of ERISA in any way nullify Plaintiff Great West's right as clearly stated in the Plan. They do not show the Plan was in any way incomprehensible or that Plaintiffs violated their duty to inform the employees about any changes as they arose.

■ Defendants further argue that pending litigation between Chicago Roll and Great West over payment under their contract creates a disputed issue of material fact as to whether Great West's right of subrogation specified in the Plan is enforceable. (Def.Res.5). This DuPage suit concerns payments Great West is allegedly due under the contract between Great West and Chicago Roll for health coverage. However, the parties to this case pending in DuPage County Circuit Court, *Great–West Life & Annuity Insurance Company v. Chicago Roll Company, Inc.,* No. 99 L 1067, have not disputed the right of subrogation at issue here. The Court has reviewed both the Complaint and the Motion to Dismiss filed as Exhibits 1 and 2 attached to Defendants' "Separate Statement of Undisputed Material Facts in Support of Response to Plaintiffs' Revised Motion for Summary Judgment." This

dispute between Chicago Roll and Great West does not affect the right of subrogation under the Plan.

■ Defendants next argue that any recovery by Plaintiffs should be reduced by 25 percent under the "common-fund doctrine." "The common fund doctrine permits a party who creates, preserves, or increases the value of a fund in which others have an ownership interest to be reimbursed from that fund for litigation expenses incurred, including counsel fees." *Scholtens v. Schneider,* 173 Ill.2d 375, 385, 219 Ill.Dec. 490, 671 N.E.2d 657, 662 (Illinois 1996). Defendants argue that ERISA does not preempt the "common-fund doctrine" under Illinois state law. This position is in accord with the Seventh Circuit's holding in *Blackburn v. Sundstrand Corp.,* 115 F.3d 493 (7th Cir.1997). However, this issue is not controlling. This case involves the proper construction and application of the Plan's provisions. The Plan states, "Great–West's first lien rights will not be reduced due to the covered person's own negligence; or due to the covered person not being made whole; or due to attorney's fees and costs." The Court gives full effect to this provision and therefore finds that the common fund doctrine is inapplicable here.[1]

■ Illinois law does not preclude Plaintiffs' right to subrogation in this case. The analysis in *Estate of Lake v. Marten,* 946 F.Supp. 605, 609 (N.D.Il.1996) (Reinhard, J.) is applicable in this case. The Illinois rule which prohibits insurers from having a right of subrogation and reimbursement against a covered person when the covered person is a minor is preempted under ERISA.

## CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for Summary Judgment is

---

1. This Court is not the first one to enforce a contract provision intended to override the common funds doctrine. *See e.g., McCotter v.* *Longo,* 1997 WL 630188 (N.D.Ill.1997) (Lefkow, Magistrate J.).

GRANTED. Judgment is entered for Plaintiffs in the amount of $71,464.31.

**IT IS SO ORDERED.**