**In re Martin BRUETMAN, Debtor.**

**Diego Herbstein, Plaintiff,**

v.

**Martin Bruetman, Defendant.**

**Bankruptcy No. 99 B 09107.
Adversary No. 99 A 00811.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

March 8, 2001.

Richard Steck, Chicago, IL, for plaintiff.

Martin E. Bruetman, Chicago, IL, pro se.

*MEMORANDUM OPINION DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT*

JACK B. SCHMETTERER,
Bankruptcy Judge.

Pursuant to Memorandum Opinion entered December 12, 2000, rulings were made allowing Plaintiff's Motion for Summary Judgment on Counts I and II and denying Defendant's Cross Motion for Summary Judgment on those Counts. This Adversary proceeding was set December 27, 2000 for Plaintiff to tender draft judgment orders.

On December 21, 2000, Defendant (who is a non-lawyer appearing *pro se*) filed his "Motion Requesting Reconsideration" of the Order of December 12, 2000 which had allowed summary judgment for Plaintiff, but had not yet entered a judgment.

The Court announced from the bench that the original Opinion will be withdrawn to correct some factual misstatements, and that Plaintiff's Motion would be allowed to stand as a motion to alter or amend judg-ment under Rule 9023 Fed.R.Bankr.P. (adopting Rule 59 Fed.R.Civ.P.) and that Defendant's said Motion would be deemed to be filed upon actual entry of any judgments. The parties were invited to brief the "reconsideration" request while the court awaited tender of draft judgment orders, and both sides ultimately announced in open court that they rely on filings by them on this Motion and do not seek to make further filings.

To correct inaccuracies pointed out by Defendant, the original Memorandum Opinion was withdrawn by separate Order entered today, and an Amended Memorandum Opinion has now been entered. Pursuant thereto, a new Order was entered allowing summary judgment for Plaintiff on Counts I and II and denying summary judgment on Defendant's cross-motion on those counts. Separate final judgments were then entered today in favor of Plaintiff on those counts.

Having reviewed Defendant's Motion and argument contained therein, and having also reviewed the Plaintiff's response, the Defendant's Motion to "reconsider" treated as motion to alter or amend the two judgments entered today will by separate Order be denied.

*DISCUSSION*

Some minor factual misstatements were found in the original Opinion that are now corrected in the Amended Opinion. They did not in any event affect the result. Dr. Bruetman has not demonstrated errors in fact or law which warrant the altering or amendment of the judgments now entered.

A motion under Rule 59 Fed. R.Civ.P. may be granted only if there has been a mistake of law or fact, or where there is newly discovered evidence not previously available. *Gendron v. United States,* 154 F.3d 672, 674 (7th Cir.1998). That Rule permits a party to bring to attention of the trial court factual and legal errors that may change the outcome so they can be corrected. It does not allow a

party to introduce new evidence earlier available, or advance arguments that could and should have been presented prior to the judgment. *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726 (7th Cir.1999).

█ The Bruetman motion primarily disputed the procedure and analysis followed by this Court in reaching its decision, but did not demonstrate error of fact or law. While he pointed out two inconsequential misstatements in the original Opinion, now corrected in the Amended Opinion, those in no way warranted changing the result.

Bruetman contends that this Court relied upon disputed, rather than undisputed facts, but his assertion depends upon his own misunderstanding of the procedures followed, particularly the use of statements required by Local Bankruptcy Rule 402M and Rule 402N, or his misunderstanding of the Court's analysis. Thus, for example, he claims to have challenged the affidavit of Ronald DePetris, an affidavit prepared on affiant's personal knowledge. The Bruetman 402N Statement admitted most of the facts in the DePetris affidavit, and merely amplified his view of some of those matters. However, Bruetman filed no counter-affidavit or other appropriate contradicting evidence challenging the proceedings followed in the New York case. Moreover, the conclusory affidavit of his New York counsel did not prevent Plaintiff's judgment for reasons set forth in the Opinion. He also claims to have challenged the truth of allegations in the New York complaint, but he does not demonstrate any errors in the analysis finding that the default judgment in the New York case precluded his challenge to facts alleged in the Complaint there.

Bruetman also asserts that this Court erred by not allowing him certain discovery that he sought prior to ruling on the cross motions for summary judgment. The Court questioned Bruetman at length on different occasions from the bench as to whether he needed discovery to oppose the motion of Plaintiff for summary judgment.

He never articulated any discovery he needed for that purpose. In particular, and contrary to the statement in his motion, he never moved to take the deposition of Ronald DePetris. He said that he was thinking about doing so, but never made an effort to take it in order to question anything contained in the DePetris affidavit or to question into proceedings leading up to the New York judgment.

On questioning by the Court, Bruetman did say that he wanted discovery to dispute factual allegations made in the New York complaint, a distinctly different proposition than discovery for the purpose of contesting the procedures and legal results that the Plaintiff demonstrated had occurred in the New York case. Bruetman did not show error in the motion of Plaintiff for summary judgment, which relied upon the judgment in New York as precluding a re-examination of the facts alleged in the Complaint there.

Bruetman also disputes the finding that the default judgment in New York resulted from his own willful conduct. However, District Judge Sweet made a specific finding in the New York judgment that Bruetman had acted willfully in not complying with court orders in that case.

The parties briefed, and the Amended Opinion considered and decided, all of the legal issues Bruetman now raises again in his motion. His rehash of the arguments is not an appropriate use of Rule 59, nor is his effort to argue now any new facts earlier available to him.