Duane D. CLINTON, Petitioner–Appellant,

v.

STATE OF WISCONSIN DEPARTMENT OF CORRECTIONS, Respondent–Appellee.

No. 01–1778.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 13, 2001.*

Decided Dec. 14, 2001.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a)(2).

Before BAUER, EASTERBROOK, and EVANS, Circuit Judges.

## ORDER

In 1987 Duane Clinton, a prisoner at Oshkosh Correctional Institution in Wisconsin, was convicted in state court on counts of sexual assault and burglary. In June 2000 Clinton filed a largely inscrutable petition for habeas corpus under 28 U.S.C. § 2241, which seems to argue that his detention is an illegal civil commitment. He refers to "treatment" and "mental illness" in his petition, but his grievance is vague. A magistrate judge assigned to the case could discern neither the basis for Clinton's petition, nor whether it properly fell under the rubric of § 2241 or 28 U.S.C. § 2254. To aid his understanding of the petition, the magistrate judge sent Clinton a form § 2254 petition with instructions to complete it within fifteen days or face dismissal of his action for failure to prosecute.

Clinton did not complete the form provided, but instead sent an untitled document that did not clarify his petition. In response the district court dismissed Clinton's petition without prejudice, but invited Clinton to file a clarified petition. A month later Clinton filed a "Motion in Ex–Parte" that was no more intelligible than the original petition. The district court construed the document as a motion to reconsider, which it denied. After three more months, Clinton filed a "Motion for a Certificate of Probability." The court, deeming the motion unclear, ordered Clinton to explain whether he was seeking leave to appeal or seeking reconsideration of the petition's dismissal. The court included instructions for either possibility.

Clinton responded after a month with another "Motion in Ex–Parte" that addresses neither possibility. The court construed this motion as another for reconsid-eration of its order dismissing Clinton's petition, and denied it. Twenty-seven days later, and eight months after entry of judgment, Clinton filed a notice of appeal.

Because Clinton filed his first "Motion in Ex–Parte" more than ten days after entry of judgment, we construe it as a request for relief from judgment under Fed. R.Civ.P. 60(b). *See United States v. 47 West 644 Route 38, Maple Park, Ill.*, 190 F.3d 781, 783 n. 1 (7th Cir.1999). Clinton's second "Motion in Ex–Parte" also sought reconsideration of the district court's judgment, and thus was also a Rule 60(b) motion. A Rule 60(b) motion does not toll the period for filing a timely appeal, but allows a court to relieve a party from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). A Rule 60(b) motion "is not a permissible substitute" for a timely appeal. *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir.2000). Clinton's motions, as best we can discern, merely disagree with the district court's conclusions. Clinton thus should have raised these issues in a timely appeal, but he did not. Because Clinton is attempting to make an untimely appeal from judgment, *id.* at 214 F.3d at 802, his appeal is DISMISSED.