Francis C. **DANIELS, and all others similarly situated, Plaintiffs,**

v.

**BLOUNT PARRISH & COMPANY, INC, an Alabama corporation, Defendant.**

**No. 01 C 3073.**

United States District Court, N.D. Illinois, Eastern Division.

March 4, 2004.

Bruce M. Lewitas, Bruce Lewitas, Attorney at Law, Eric Michael Chial, Lewitas & Associates, P.C., Chicago, IL, John F. Innelli, Innelli Robertson, Philadelphia, PA, Michael J. Molder, Law Offices of Michael J. Molder, Wynnewood, PA, for Plaintiff.

George Robert Dougherty, Christine G Lyons, Grippo & Elden, Chicago, IL, for Defendant.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff Francis V. Daniels filed a two-count class action complaint against defendant, Blount Parrish & Company ("Blount") alleging violations of §§ 12 and 15 of the Securities Act of 1933. This court certified a class of bondholders. Both parties seek summary judgment. I grant Blount's motion for summary judgment and deny Mr. Daniels' motion for summary judgment.

### I.

Mr. Daniels represents a class of individuals who purchased bonds from Blount, an Alabama corporation. The bonds were issued by the City of Wood River, Illinois ("Wood River"); Blount served as the underwriter for the bonds. The bonds were issued to fund a tile manufacturing facility project which was to be constructed in an existing industrial park in Wood River. The facility was to be leased to Enviro–Tile of Wood River, Inc., an Illinois corporation. Mr. Daniels alleges that the bonds were sold pursuant to a misleading prospectus and claims Blount has violated §§ 12 and 15 of the Securities Act of 1933.

### II.

Summary judgment is proper when there is "no genuine issue as to any mate-

rial fact and that the moving party is entitled to a judgment as a matter of law." *Popovits v. Circuit City Stores, Inc.,* 185 F.3d 726, 731 (7th Cir.1999) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). I may consider the pleadings, depositions, answers to interrogatories, admissions, and affidavits when considering if a genuine issue of material fact exists. *Id.* Further, I "construe all facts in the light most favorable to the nonmoving party and draw all reasonable and justifiable inferences in that party's favor." *Id.*

## A.

In Count I, Mr. Daniels alleges that Blount violated § 12 of the Securities Act of 1933, 15 U.S.C. § 77*l*(a)(2). To sustain a claim, Mr. Daniels must show that (1) Blount offered or sold a security; (2) through interstate commerce or the mails; (3) using a prospectus; (4) that contains a material misrepresentation or omission of a material fact. 15 U.S.C. § 77*l*(a)(2). If Mr. Daniels is able to prove all four elements, he may recover the consideration paid for the securities. *Id.*

■ Mr. Daniels must first show that Blount offered or sold a security; that is, that Blount was a "seller" for purposes of § 12. At one time, the Seventh Circuit required strict privity between buyer and seller for liability to attach under § 12. *Sanders v. John Nuveen & Co.,* 619 F.2d 1222, 1226 (7th Cir.1980). However, in response to *Pinter v. Dahl,* 486 U.S. 622, 108 S.Ct. 2063, 100 L.Ed.2d 658 (1988), the Seventh Circuit held that the category of "seller" includes those who "successfully solicit[ ] the purchase, motivated at least in part by a desire to serve [their] own financial interests or those of the securities owner." *Schlifke v. Seafirst Corp.,* 866 F.2d 935, 940 (7th Cir.1989) (citing *Pinter,* 486 U.S. at 647, 108 S.Ct. 2063).

The evidence before me demonstrates that Blount did not sell the securities at question directly to Mr. Daniel or other class plaintiffs.[1] Further, there is no evidence that Blount retained a financial interest in the securities after their sale to various dealers. The undisputed evidence shows that Blount instead sold the securities to dealers, who in turn sold the securities to other parties (including the plaintiffs). Both parties have submitted confirmation slips showing the sale of the securities from Wood River to Blount, and from Blount to the various dealers. *Plaintiff's Exhibits to the Statement of Uncontested Facts,* ¶¶ 11, 13; *Defendant's Statement of Material Facts,* ¶ C. The slips include sales to the following dealers: American Municipals, D.E. Frey & Assoc., First Southern Securities, Josephtahl & Co., and Paragon Securities.

Mr. Daniels admits that he purchased the securities at question from his broker, who worked for a company named RAF, which later changed its name to "American something." *Dep. of Francis V. Daniels,* Oct. 22, 2002, p. 29. Both parties also submit a cancelled check, purportedly for the purchase of the securities at question. The check is made out to "Correspondent Services Corp. (RAF)" and is endorsed by "Correspondent Services Corp.". *Plaintiff's Exhibits to the Statement of Uncontested Facts,* ¶ 1; *Defendant's Statement of Material Facts,* ¶ D.

Finally, I have the testimony of Rushton Rice, a principal with Blount. He states that Blount sold the securities at question to five broker/dealers and one individual and that Blount retained no financial interest in the securities once the sale to the

---

1. There is a single exception: a confirmation slip shows a sale to one individual, George E. Halverson.

dealers was complete. *Affidavit of Rushton Rice,* ¶¶ 3, 4. Frederick Simpler, Jr., an attorney who served as underwriters' counsel for Blount in connection with the securities at question, confirms that Blount sold the securities to the above-mentioned dealers and individual. *Affidavit of Frederick Simpler, Jr.,* ¶ 5. That evidence is unrefuted.

█ Mr. Daniels alleges that Blount could not have sold the securities to the dealers, because of a National Association of Securities Dealers ("NASD") rule. Blount is a member of NASD and is bound by its rules. NASD Rule 2740 states that in connection with fixed price offerings, selling concessions, discounts or other allowances can be paid only to brokers or dealers actually engaged in the investment banking or securities business and only as consideration for services rendered in distribution. However, the NASD rules also exempt municipal securities from the term "fixed price offering". NASD Manual Rule 0120 (stating that the term "municipal securities" is used as defined in § 3(a)(29) of the Securities Act of 1933). That section, which has been codified as 15 U.S.C. § 78c(a)(29), defines "municipal securities" as

> securities which are direct obligations of, or obligations guaranteed as to principal or interest by, a State or any political subdivision thereof, or any agency or instrumentality of a State or any political subdivision thereof, or any municipal corporate instrumentality of one or more States, or any security which is an industrial development bond (as defined in section 103(c)(2) of Title 26) the interest on which is excludable from gross income under section 103(a)(1) of Title 26

if, by reason of the application of paragraph (4) or (6) of section 103(c) of Title 26 determined as if paragraphs (4)(A), (5), and (7) were not included in such section 103(c), paragraph (1) of such section 103(c) does not apply to such security.

15 U.S.C. § 78c(a)(29) (codifying Securities Act of 1933 section 3(a)(29)).[2] The Offering Memorandum for these bonds states that the bonds are obligations of Wood River. *Defendant's Statement of Material Facts,* ¶ A. Wood River is a city and a political subdivision of a state; the bonds fall into the definition of municipal securities. Therefore, the NASD Rule does not apply, and Blount was not prohibited from selling the bonds to the dealers.

In summary, there is no evidence that Blount was in privity with plaintiffs, nor that it had a financial interest in the ultimate sale of the securities to plaintiffs. Blount therefore is not a "seller" for the purposes of § 12(2). I grant Blount's motion for summary judgment with respect to Count I.

### B.

█ In Count II, Mr. Daniels alleges that Blount has violated § 15 of the Securities Act of 1933, 15 U.S.C. § 77*o*. Liability under § 77*o* is predicated on control of an entity found liable under either 15 U.S.C. § 77k or § 77*l*. 15 U.S.C. § 77*o*. As summary judgment has been granted on Count I, no liability under § 77*o* may attach. I grant Blount's motion for summary judgment with respect to Count II.

### III.

As Mr. Daniels is unable to show that Blount is a "seller" for the purposes of

---

2. Mr. Daniels' discussion of changes in securities law is misplaced. His allegation is that NASD rules, not federal securities law, prevented the sale of these bonds from Blount to the various dealers. Despite any changes in federal securities law, NASD continues to exempt municipal securities, as defined by the Securities Act of 1933, from the Rule Mr. Daniels cites.

§ 12 of the Securities Act of 1933, I DENY his motion for summary judgment on Count I. For the same reason, I GRANT Blount's motion for summary judgment on Count I. As Mr. Daniels is unable to show the predicate liability required for purposes of § 15 of the Securities Act of 1933, I DENY his motion for summary judgment on Count II. For the same reason, I GRANT Blount's motion for summary judgment on Count II.